The Judges pronounced their opinions.
JUDGE TUCKER.
Clay brought an ejectment on the 17th of August, 1799, against Ransome. The Jury found a 455 special verdict, «which they conclude thus: “We find that Flamslead Ran-some, the late husband of the defendant, was in possession of the land in question, from 1774, until his death, about ten years ago; and that the defendant hath been in possession thereof ever since;” and refer the law to the Court.
An ejectment is a possessory action, and only a competent remedy where the lessor of the plaintiff may enter: therefore, it is always necessary for the plaintiff to shew that his lessor had a right to enter; by proving a possession within 20 years, or accounting for the want of it under some of the exceptions allowed by the statute. Twenty years’ adverse possession is a positive title to the defendant: it is not a bar to the action, or remedy of the plaintiff, only; but takes away his right of possession.
Every plaintiff in ejectment must shew a right of possession, as well as of property: arid therefore the defendant needs not to plead the statute, as in the case of actions, (b)
Here the Jury have found an adverse possession for more than twenty years. But our statute of limitations(c) excepts three different periods, from the 12th day of April, 1774, to the 20th of October, 1783; amounting, in the whole, to five years and 174 days. If Ransome’s entry was made in the month of January, 1774, or at any time before the 23d or 24th of February in that year, his possession and that of his wife would amount to a complete bar, after deducting the period allowed by the statute. If his entry were after the 25th of February, the case will be within the saving clause of the statute. I am therefore of opinion, that the verdict is not sufficiently certain upon this point, and that there ought to be a venire de novo for that reason.
JUDGES ROANE and FLEMING concurred. The judgment was therefore unanimously reversed, and a venire de novo awarded.

 1 Burr. 119 per Lord Mansfield; Bull. N. P. 103, 2 Esp. N. P. 402, citing Stokes v. Barry, Salk. 421; 1 Lord Raym. 741; Kunnington’s Law of Eject. 119 accordant.

 1 Rev. Code, c. 76, s. 11, p. 109.